## CIRCUIT COURT OF THE CITY OF RICHMOND

Michael David Steele

v.

Betty Tillery Prince et al.

February 6, 1997

Case No. HE-1130-3

■

BY JUDGE T. J. MARKOW

This Petition for Declaratory Judgment asks the court to determine whether the plaintiff is entitled to uninsured-motorist/underinsured-motorist (UM/UIM) coverage in the full amount of the limits of liability ($1,000,000) or only to the extent of the basic limits ($25,000/$50,000).

Plaintiff was injured on April 1, 1993, in a motor vehicle crash while operating a tractor trailer owned by Ryder Truck Rental, Inc., and leased to plaintiff's employer, Steves & Sons, Inc.

All vehicles owned by Ryder are insured by Old Republic Insurance Company under a combined single limit liability policy of $1,000,000. Under its arrangement with Old Republic, Ryder is authorized to add its lessees as insureds, to charge premiums to do so, and to handle claims arising under the policy. Ryder has its own insurance department to administer the contract. Ryder as "named insured" selected the basic UM/UIM limits as to all states which permitted this limitation. Virginia permits any "named insured" to select the basic UM/UIM limits. See Va. Code Ann. § 38.2-2206(A).

At the time of plaintiff's accident, his employer, Steves & Sons, had a long-term lease with Ryder for two trucks. The terms of the lease are embodied in the Truck Lease and Service Agreement (TLSA). The agreement is a printed Ryder form, and, as to liability insurance, there is little choice given the customer other than whether the customer provides its own liability insurance. If Ryder is to provide the coverage, the customer may choose the deductible amount.

Ryder and Old Republic admit that plaintiff is entitled to UM/UIM coverage to the extent of the basic $25,000/$50,000 limits, as Ryder as the named insured has rejected the higher limits. Plaintiff argues that in offering liability insurance coverage to Steves & Sons for a premium, Ryder is either the insurer or the agent of Old Republic; the TLSA is the policy, Steves & Sons is the named insured, and it alone has the right to elect the basic UM/UIM coverage. It did not do so, and under Va. Code Ann. § 38.2-2206, the $1,000,000 liability limit is the UM/UIM limit. This is a matter of first impression in Virginia.

By letter agreement of September 12, 1990, effective December 1, 1990, Ryder stated to Steves & Sons "This letter will confirm our mutual agreement, that effective December 1, 1990, Ryder will provide the Liability Insurance for all vehicles leased pursuant to the captioned Agreement with you named additional assured … ." The letter then states limits and charges for the coverage. Nowhere is the name Old Republic mentioned.

Section 10 A. of the TLSA provides:

> A standard policy of automobile liability insurance (hereafter Liability Insurance) with limits specified on each Schedule A will be furnished and maintained by the party designated on Schedule A at its sole cost, written by a company satisfactory to Ryder, covering both Ryder and Customer as insureds for the ownership, maintenance, use or operation of the Vehicles and any substitute vehicle.

Section 38.2-2206(A) provides that "no policy or contract of bodily injury or property damage liability insurance relating to the ownership, maintenance, or use of a motor vehicle shall be issued . . ." unless it contains UM/UIM coverage with limits equal to the liability limits unless those limits are rejected by a "Named Insured."

This court finds that the TLSA is a contract of insurance issued to the named insured, Steves & Sons, which did not select the basic UM/UIM limits. Ryder promised that Steves & Sons would be insured for liability ensuing from the ownership, maintenance, use, or operation of a motor vehicle. Virginia law says when a contract of insurance is issued, the requirements of § 38.2-2206 of the Code (among other requirements) are incorporated into the contract. A "named insured" is the only entity permitted to waive the maximum limits. In this contract Steves & Sons was the only "named insured."

Bolstering this finding is Ryder's undertaking in the September 12, 1990, letter where it promised to make Steves & Sons "named additional assured." Black's Law Dictionary (5th ed. 1979) defines an "assured." "A person who

has been insured by some insurance company, or underwriter, against loss or perils mentioned in the policy of insurance. Ordinarily synonymous with 'insured'."

In the TLSA, Ryder has undertaken to provide Steves & Sons with the coverage mandated by Virginia law. The coverage afforded the plaintiff then is the $1,000,000, not the basic $25,000/$50,000 limits.

In the Certificate of Insurance issued to Steves & Sons by Old Republic, it certified that Ryder was insured by Old Republic "for the types of insurance and in accordance with the limits of liability, exclusions, conditions, and other terms of the policy hereinafter desired."

The certificate then advises Steves & Sons that the policy is a single limit $1,000,000 Automobile Bodily Injury and Property Damage Liability policy. Old Republic advised Steves & Sons of no restrictions or limits chosen by it or by Ryder. It should have been able to assume that all limits and restrictions were identified.

The facts considered together establish that Ryder entered an insurance contract with Steves & Sons with coverage as described. By issuing its certificate of insurance, Old Republic ratified and/or assumed the obligations of that transaction. As between Old Republic and Ryder, the issue of which is ultimately responsible is not before the court.

The court finds that the plaintiff is entitled to UM/UIM coverage to the limits of the liability coverage.